IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CATHERINE C. MCMAHON,

      Plaintiff,

    vs.

ANDERSON HOSPITAL,

      Defendant.

Case No. 14-cv-980-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Anderson Hospital's Motion to Dismiss Plaintiff's Complaint (Doc. 18).  For the following reasons, the Court denies the motion.

Plaintiff originally filed her Complaint in the Western District of Texas against multiple defendants alleging claims arising under the Age Discrimination in Employment Act ("ADEA"), malicious prosecution, false arrest, due process violations, excessive force, wrongful imprisonment, and intentional infliction of emotional harm.  The District Court for the Western District of Texas severed the claims and transferred Plaintiff's ADEA claim against Anderson Hospital ("Defendant") to the Southern District of Illinois.

The relevant portion of Plaintiff's Complaint alleges as follows against Defendant:  "In June of 2014 I applied with Anderson Hospital in Maryville, IL a former employer of 5 years, my application for rehire was denied.  Age discrimination." (Doc. 1-1, p. 19).  This is the extent of her allegations against Defendant.  Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and failure to exhaust administrative remedies.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556). The Court is also mindful that "[a]llegations of a *pro se* complaint are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'" *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In order to establish a *prima facie* age discrimination claim under the ADEA, a plaintiff must provide evidence of the following elements:

> (1) [she] was over forty years old; (2) [she] performed [her] job according to the employer's legitimate expectations; (3) [she] suffered an adverse employment action; and (4) similarly situated employees, not within the protected class, were treated more favorably.

*Alexander v. Cit. Tech. Fin. Servs., Inc.* 217 F. Supp. 2d 867, 888 (N.D. Ill. 2002). The Supreme Court, however, has specifically rejected the contention that a plaintiff must *plead* the elements necessary to establish a *prima facie* case to survive a Rule 12(b)(6) motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). In fact, '[a] complaint need not 'allege

all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [age] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [age]." *Tamayo*, 526 F.3d at 1084.

Here, while Plaintiff's allegations against Defendant are brief, she has alleged facts indicating that Defendant declined to hire her on the basis of her age. Considering Plaintiff's *pro se* status, these allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.

Defendant next argues that Plaintiff's Complaint should be dismissed for failure to file an EEOC charge. To bring an ADEA claim in federal court, the party must first exhaust administrative remedies by raising her claim in a timely EEOC charge. *Ajayi v. Aramark Business Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). Plaintiff did not allege her failure to file an EEOC charge and thus did not plead herself out of court. The failure to exhaust administrative remedies is an affirmative defense which is not properly before the Court on a Rule 12(b)(6) motion to dismiss. *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). Rather, Defendant can raise this matter in a motion for judgment on the pleadings under Rule 12(c). *See id*.

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss (Doc. 18).

**IT IS SO ORDERED.**

**DATED:** February 10, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
